UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE GAFFNEY,<br><br>                      Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No. C19-77-MLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES |

       Terrance Gaffney, the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees of $4,870.30 and expenses of $6.00. (Dkt. # 18.) The Commissioner argues that no fees should be awarded because her position was substantially justified. (Dkt. # 19.) Plaintiff seeks an additional attorney fee award of $306.38 for 1.5 hours expended in defending his motion. (Dkt. # 20.) As discussed below, the Court rejects the Commissioner's arguments and GRANTS Plaintiff's requests for fees and expenses.

       The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Substantial justification

ORDER GRANTING PLAINTIFF'S MOTION
FOR EAJA FEES - 1

requires the government to demonstrate its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation position, and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014). The "position of the United States" includes *both* the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). Thus, the Court first considers the underlying agency action to determine whether the government's position is substantially justified. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872–73.

Here, the Commissioner simply reargues her position, which the Court already rejected in reversing the ALJ's decision. (Dkt. # 19 at 4-5.) In light of the Court's holding that the ALJ's RFC was inconsistent with the only job the ALJ identified as a job that Plaintiff could perform, taxi starter, the Commissioner's position was not substantially justified. To the extent the Commissioner raises new arguments, they cannot be relied upon to substantially justify a prior position. (*Id.*) The Court is not persuaded that this is the decidedly unusual case in which there is substantial justification under EAJA even though the Commissioner's decision was reversed for harmful legal error. *See Meier*, 727 F.3d at 872; *Thangarajav. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

The Commissioner did not object to the amount of fees Plaintiff requested. The Court has reviewed Plaintiff's motion, supporting declarations, and the record, and finds the amount requested is reasonable. The Court therefore GRANTS Plaintiff's motion for attorney's fees and costs (Dkt. # 18), and ORDERS that Plaintiff is awarded attorney's fees of $5,176.68 under EAJA and costs of $6.00, for a total award of $5,182.68. Subject to any offset allowed under the

Department of Treasury's Offset Program, the check should be made payable to Plaintiff's attorney, Janet Leanne Martinez, and mailed to Douglas Drachler McKee & Gilbrough, 1904 3rd Ave, Suite 1030, Seattle, Washington 98101.

DATED this 27th day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR EAJA FEES - 3